IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03390–MSK–KMT


CYNTHIA FELKINS,

      Plaintiff,

v.

CITY OF LAKEWOOD,

      Defendant.

---

## ORDER

      This matter is before the court on "Defendant City of Lakewood's Motion for Extension of Time." (Doc. No. 24, filed Aug. 9, 2012.)  Plaintiff filed her Response on August 14, 2012 (Doc. No. 27) and Defendant filed its Reply (Doc. No. 28) the same day.  On August 17, 2012, Defendant filed a Supplemental Reply addressing an additional issue that came to light after briefing was complete.  (Doc. No. 29.)  For the following reasons, Defendants' Motion is GRANTED.

      In its Motion, Defendant seeks a 45-day extension of the deadlines featured in the Scheduling Order, including the dispositive motions deadline, so that it may properly defend against Plaintiff's Americans with Disabilities Acts (ADA) claims by establishing that she was unable to perform the essential functions of her job, even if she had a disability and was provided with reasonable accommodations.  (Mot. at 4 (citing *Kuehl v. Wal-Mart Stores,* 909 F. Supp.

794, 799 (D. Colo. 1995)).  Specifically, Defendant seeks to conduct discovery into records from

Plaintiff's medical providers, employers, and insurance companies to support this defense.  (*Id.*)

Fed. R. Civ. P. 16(b) provides that a scheduling order "may be modified only for good

cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This "good cause" standard

requires the movant to show that despite diligent efforts, the movant could not meet the

scheduled deadline.  *See Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo.

2008).  In addition to Rule 16(b), District Judge Marcia S. Krieger's Trial Preparation Order

entered in this case on March 28, 2012 provides that "any request to extend the dispositive

motions deadline more than 30 days beyond the deadline originally set in the initial Scheduling

Order must show exceptional circumstances warranting the extension."  (Trial Prep. Order, Doc.

No. 20, at 2.)

The court finds that both good cause and exceptional circumstances support Defendant's

requested extensions of the relevant Scheduling Order deadlines.  In particular, it appears that

discovery is not yet complete as to the issue of reasonable accommodations, not because of

Defendant exhibited a lack of diligence, but instead because Plaintiff failed to appropriately

respond to discovery requests served by Defendant.  More specifically, although Defendant

requested that Plaintiff produce medical records from over 21 medical providers and execute

medical releases as to the same, Plaintiff simply referred to the limited medical records provided

with her Fed. R. Civ. P. 26(a)(1) initial disclosures and provided only two medical releases.

(Mot. at 2-3.)  Defendant requested that Plaintiff supplement her responses with additional

information (Reply at 2); however, because Plaintiff requested an extension of time to do so,

Plaintiff's supplemental responses, which ostensibly were still inadequate, were not received until July 20, 2012. (*Id.*)  Although Plaintiff provided Defendant with an additional 12 medical releases on August 13, 2012, pursuant to Defendant's August 6, 2012 request (Resp. at 1), it appears that those medical release are *still* inadequate insofar as three of them are unsigned. (Suppl. Reply at 1.)  The court finds that Defendant should not be foreclosed from conducting discovery into an issue as significant as reasonable accommodations because of Plaintiff's shortcomings and delays in providing relevant discovery.

The court rejects Plaintiff's position that Defendant is attempting to conduct a "fishing expedition" by seeking such discovery.  Although Plaintiff contends it is unnecessary for Defendant to inquire into her medical history because she worked at another job after being terminated by Defendant, and is currently working for the United States Fish and Wildlife Service, Plaintiff overlooks the standard governing the reasonable accommodation inquiry.  That standard asks "whether a reasonable accommodation would enable the employee to do the *particular* job" at issue or "whether the employee could be transferred to other work which could be done with or without accommodation." *Thomas v. Avis Rent a Car,* 408 F. App'x 145, 152 (10th Cir. 2011) (emphasis added).  As such, the mere fact that Plaintiff may have been subsequently employed with other employers does not foreclose Defendant from inquiring into whether Plaintiff's disability prevented her from performing, with or without reasonable accommodation, the essential functions of the particular job at issue, or other work, *with* Defendant.  Discovery into Plaintiff's medical history for this purpose is certainly relevant under Rule 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "regarding any matter . . . that

3

is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence"); *see also Williams v. Bd. of Cnty. Comm'nrs,* 192 F.R.D. 698, 702 (D. Kan. 2000) (a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense).

Therefore, for the foregoing reasons, it is

ORDERED that "Defendant City of Lakewood's Motion for Extension of Time" (Doc. No. 24) is GRANTED.  The Scheduling Order deadlines are extended as follows:  Defendant may disclose expert witnesses no later than October 11, 2012; the Discovery Cutoff is extended to October 29, 2012; and the Dispositive Motions Deadline is extended to December 27, 2012.

Dated this 5th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge