**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-03390-MSK-KMT

**CYNTHIA FELKINS,**

      Plaintiff,

v.

**CITY OF LAKEWOOD,**

      Defendant.

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MOTION** comes before the Court on cross motions for summary judgment: (1) the Plaintiff Cynthia Felkins' Motion for Partial Summary Judgment **(#39)**, the Defendant City of Lakewood's Response **(#46)**, and Ms. Felkins' Reply **(#50)**, and (2) the Defendant's Motion for Summary Judgment **(#49)**, Ms. Felkins' Response **(#51)**, and the Defendant's Reply **(#49)**.

**I.  Facts**

Having reviewed the record and submissions of the parties, the relevant undisputed facts are as follows.

Ms. Felkins is a former employee of the Defendant City of Lakewood (the City).  In June 2008, she was hired by the City as a Lakewood Police Emergency Communication Dispatcher on a probationary basis for one year.

According to Ms. Felkins, she suffers from avascular necrosis, an illness that causes the death of bone tissue due to a lack of blood supply.  In December 2008, Ms. Felkins' femur broke and she required surgery.  She returned to work on January 7, 2009.  When she returned to work,

Ms. Felkins told her supervisor that she was still experiencing pain. Ms. Felkins and her supervisor agreed that she should return to work gradually. Although her full shift was ten hours, it was decided that she would initially work a four-hour shift, with the idea that her shifts would increase in length to six, eight, and then ten hours.

Sometime around mid-March 2009, Ms. Felkins requested a temporary rearrangement in her schedule to accommodate physical therapy. That request was granted. On March 18, the day she was scheduled to return to work, Ms. Felkins did not show up. The City was informed that Ms. Felkins had tripped over a dog that day and fractured her leg. On March 22, Ms. Felkins called her supervisor to tell her she could return to work on March 26. Ms. Felkins did not work on March 26, due to inclement weather, but she returned to work on March 27. However, she called to indicate that she could not work her scheduled shifts on March 28 and March 29. On March 31, Ms. Felkins requested to have off during the next work week, April 2-5. Her request was granted.

On April 5, 2009, Ms. Felkins contacted her supervisor and told her that she had been in a car accident and she did not know when she would be released from the hospital. The City later learned that Ms. Felkins suffered a fractured pelvis in the accident.

On April 8, 2009, Ms. Felkins was informed by the City that she was being terminated. In a letter dated April 19, 2009 the City formally terminated her employment. At the time of her termination, Ms. Felkins accumulated over 300 hours of unpaid leave and had exhausted all of her vacation and sick leave balances.

After being terminated, Ms. Felkins filed a timely charge of discrimination with the EEOC and later received a right to sue letter. She then initiated this action. In this case, Ms. Felkins asserts one claim under the American with Disabilities Act (ADA), alleging that the City

failed to reasonably accommodate her disability by allowing her to continue to work reduced hours or to take short-term disability leave.

Ms. Felkins moves for summary judgment on the issue of liability.  The Defendant moves for summary judgment on all issues, challenging Ms. Felkins' ability to establish any of the elements of her claim.

## II.  Summary Judgment Standard

Although Rule 56 of the Federal Rules of Civil Procedure was recently restyled, its purpose remains the same — to provide for a summary determination when no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Accordingly, Rule 56(a) directs entry of a judgment on a claim or defense, or part thereof, when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.

Substantive law governs which facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" if the evidence presented in support of and in opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c). Once the moving party has met its burden, to establish a genuine dispute that requires a

trial, the responding party must present competent and contradictory evidence as to a material fact. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

When the moving party does not have the burden of proof on the pertinent issue, it may point to an absence of sufficient evidence to establish a claim or defense that the non-movant is obligated to prove. Once the movant has done so, the respondent must come forward with sufficient competent evidence to establish a *prima facie* claim or defense to justify a trial. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

This case involves cross-motions for summary judgment. "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact, cross motions must be evaluated independently." *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

### III. Analysis

Title I of the ADA prohibits employers from discriminating against individuals on the basis of disability. 42 U.S.C.A. § 12112(a). Specifically, the statute provides that no covered employer "shall discriminate against a qualified individual on the basis of disability in regard to

4

job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. *Id.* To establish a *prima facie* case of discrimination, a plaintiff must establish that she (1) is a disabled person as defined by the ADA, (2) was qualified, with or without reasonable accommodation, to perform the essential functions of her job, and (3) her employer discriminated against her because of her disability. *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011). Under the ADA, the term "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C.A. § 12112(b)(5)(A).

### A. Ms. Felkins' Motion

Ms. Felkins seeks summary judgment on the issue of liability. For purposes of Ms. Felkins' motion only, the Court assumes, without deciding, that Ms. Felkins could establish that she is disabled within the meaning of the ADA. Thus, the Court focuses on the second element of her claim — that is, whether she was qualified, with or without a reasonable accommodation, to perform the essential functions of her job as a dispatcher. The Court views the evidence in the light most favorable to the City.

A two-part analysis is used to determine whether a person is a "qualified individual" under the ADA. *Davidson v. Am. Online*, 337 F.3d 1179, 1190 (10th Cir. 2003); *see* 42 U.S.C.A. § 1211(8). First, it must be determined whether the individual can perform the essential

functions of the job. *Davidson*, 337 F.3d at 1190. If not, then it must be determined whether any reasonable accommodation by the employer would enable her to perform those functions. *Id.*

A reasonable accommodation "may include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." 42 U.S.C.A. § 12111(9).

Ms. Felkins admits that after she returned to work in January 2009, she was unable to work a full 10 hour shift. She also admits that from January 2009 until her termination, she suffered additional injuries that prevented her from working. She argues, however, that she was able to perform the essential functions of her job when she was at work. In other words, Ms. Felkins argues that, with the reasonable accommodation of part-time work or temporary leave, she was able to perform the essential functions of her job.

Whether part-time work or medical leave "is a reasonable accommodation under the ADA is a mixed question of law and fact involving primarily legal principles." *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 f.3d 955, 967 (10th Cir. 2002); *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1146 (10th Cir. 2011). The term "reasonable accommodation" under the ADA explicitly includes part-time or modified work schedules. 42 U.S.C. § 12111(9)(B). But, "an employee who proposes this accommodation may only prevail in an ADA action if [she] can demonstrate that [she] could perform the essential functions of the job while working part-time." *Carter*, 662 F.3d at 1146 (internal quotations omitted). Often, this will be difficult to do because "regular attendance may fairly be characterized as an essential function of some jobs." *Id.* at 1146-47. An employee's request to be relieved from an essential function of her

6

position is not, as a matter of law, a reasonable or even plausible accommodation. *Mason v. Avaya Communications, Inc.*, 357 F.3d 1114, 1122 (10th Cir. 2004). Indeed, the ADA does not even require an employer to modify an essential function of an existing position in order to accommodate a disabled employee. *Id.* at 1123.

Ms. Felkins argues that her suggested accommodations are reasonable. She points to the fact that she had been working reduced hours for three months prior to her termination, and at no time was she informed that she would be fired if she did not work 10-hour shifts. Additionally, she proffers the testimony of Coleen Hampf, a personnel manager for the City, and Michelle Tovrea, the Division Chief at the City. Ms. Hampf testified that it is not inconvenient to the City when an employee takes off 480 hours on an intermittent basis under the Family Medical Leave Act (FMLA).[1] Ms. Tovrea stated that she did not specifically remember whether Ms. Felkins' supervisors had any problems covering for her when she needed time off.

The City argues that full-time attendance at work is an essential function of a Police Emergency Communication Dispatcher and that part-time hours or short-term leave are unreasonable accommodations. It proffers the declaration of Jodi Malpass, a Police Communications Manager employed by the City. Ms. Malpass asserts that City's policy required Ms. Felkins to work four 10-hour shifts per week in order to address its staffing needs. Ms. Malpass further asserts that the inability of an employee to work a full shift, or to show up for work, places an unacceptable burden on the Communications Department and its personnel. Such burden includes overtime pay for other employees, having to find a replacement, and

---

[1] Ms. Felkins argues that, as matter of law, the accommodation of short-term leave is reasonable because under the Family Medical Leave Act (FMLA), individuals are granted 480 hours of leave per year. Therefore, she argues, it is reasonable "as a matter of law" to allow her just as much leave. The Court rejects this argument. Ms. Felkins admits that during her employment with the City, she was not subject to the FMLA. Thus, its provisions are inapplicable here.

placing the public and Police Department at risk due to a diminished capacity to handle emergency calls.

Assuming, without finding, that Ms. Felkins' evidence is sufficient to satisfy her burden on the second element of her claim, the Court finds that the City has demonstrated that genuine disputes of material fact exist as to that element — that is, whether Ms. Felkins was qualified, with a reasonable accommodation, to perform the essential functions of her job. Viewing the evidence in the light most favorable to the City, a reasonable jury could find that the accommodations suggested by Ms. Felkins were unreasonable in light of what could be considered essential functions of her job. Because there are genuine disputes of fact on that issue, Ms. Felkins' motion for summary judgment must be denied.

### B. The City's Motion

The City moves for summary judgment in its favor, arguing that Ms. Felkins cannot sustain her burden of proof as to any element of her claim. In evaluating this motion, the Court views the evidence in the light most favorable to Ms. Felkins, and finds that she has not come forward with sufficient evidence to make a prima facie showing as to two elements.

*Disability under the ADA*

Ms. Felkins asserts that she suffers from avascular necrosis, which impairs normal cell growth and circulation. She also asserts that her condition limits her ability to perform activities such as walking, standing, and lifting.

As relevant here, disability under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities" of the individual. 42 U.S.C.A. § 12102(1)(A). Under this definition, a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show that the

impairment substantially limits one or more of those activities. *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 11129 (10th Cir. 2003). "Whether a plaintiff has met the first two requirements are questions of law for the court. But whether the impairment substantially limits a major life activity is ordinarily a question of fact for the jury." *Carter*, 662 F.3d at 1142.

It is undisputed that Ms. Felkins has identified a recognized impairment or that the life activity she has identified — cell growth, circulatory function, walking, standing, lifting — fall within the Act. *See* 42 U.S.C.A. § 12102(2) (defining "major life activity" to include "walking, standing, lifting," "normal cell growth," and circulatory function). Thus, the question is whether Ms. Sanchez has demonstrated at least a genuine dispute of material fact as to whether her condition "substantially limits" her ability for normal cell growth or circulatory function.

An impairment is substantially limiting when it renders an individual significantly restricted in her ability to perform a major life activity "compared to the average person in the general population." *Sanchez v. Vilsack*, 695 F.3d 1174, 1178 (10th Cir. 2012) (citation omitted). "As this definition suggests, it is not sufficient for a plaintiff to identify an impairment and leave the court to infer that it results in substantial limitations to a major life activity." *Id.* At the summary judgment stage, Ms. Felkins must point to evidence showing that her impairment limits her cell growth or circulation. Her burden is not an "onerous" one. *See id.* at 1179; *see also* 42 U.S.C.A. § 12102(4).

Ms. Felkins has supplied only her own testimony with regard to her disability. She asserts that her condition results in the death of bone tissue due to a lack of blood supply to the tissue. She also asserts that her condition affected her ability to walk because her leg spontaneously broke while she was walking.

9

The Court finds that these few, scant statements by Ms. Felkins are insufficient evidence upon which a jury could conclude that her condition significantly restricted her ability to perform a major life activity, as compared to the average person in the general population. The mere fact that a discrete incident occurred where Ms. Felkins broke her leg, allegedly due to her condition, does not lead to the conclusion that her condition significantly impaired her ability to walk on a regular basis. There is simply no evidence in the record of substantial impairment. The Court finds that Ms. Felkins has not satisfied her burden of proving the first element of her claim — that is, whether she is disabled under the ADA. Accordingly, the City is entitled to judgment in its favor for this reason, alone.

### *Discrimination by the City*

As noted above, the ADA specifies that the phrase "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C.A. § 12112(b)(5)(A). However, before an employer's duty to provide reasonable accommodations is triggered under the ADA, the employee must make an adequate request for an accommodation, thereby putting the employer on notice. *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011). Although the request does not have to be in writing, be made by the employee, or formally invoke the words "reasonable accommodation," it nonetheless must make clear that the employee wants assistance *for her disability*. *Id.*

Ms. Felkins repeatedly argues that the City was aware of her disability. She provides only her own testimony for support. She states that when she her leg broke spontaneously, her

supervisor, Jodi Malpass, took her to the hospital. Ms. Felkins claims that on the way to the hospital, she told Ms. Malpass that her leg broke because of her bone disease. She also states that when she applied for the job, she told the City that she could not lift 25 pounds because of her bone disease.

The Court finds that the evidence proffered by Ms. Felkins is insufficient to establish that she requested either part-time work or short-term leave *because of her disability*. Nothing in the record shows that Ms. Felkins asked for assistance because of her bone disease. Instead, Ms. Felkins admits that when she returned to work following her surgery, it was Ms. Malpass's suggestion that she gradually return to work in order to recover from the surgery. (Ms. Felkins admits that she knew the City's accommodation would eventually come to an end.) However, after Ms. Felkins sustained injuries from tripping over a dog and being in a car accident she began accumulating a significant amount of unpaid leave. Ms. Felkins has not provided any evidence to show that the injuries she sustained from tripping over a dog and being in a car accident were related to her condition, or that she ever requested from the City part-time work or short-term leave to address her bone disease (or to recover from such injuries). The Court finds that Ms. Felkins has failed to come forward with sufficient evidence to establish that she requested an accommodation from the City for her disability. The City is entitled to judgment in its favor on this basis as well.

### IV. Conclusion

For the forgoing reasons, the Plaintiff's Motion for Partial Summary Judgment **(#39)** is **DENIED**, and the Defendant's Motion for Summary Judgment **(#49)** is **GRANTED**. Judgment shall enter in favor of the Defendant on all claims. The Clerk of the Court shall close this case.

Dated this 13th day of September, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge